UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARMINE SCHIEFERSTEIN,

        Plaintiff,

v.

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC, SEAN HOWLAND, ESQ., JULIA KROKOWSKI, ESQ., SARA Z. BORISKIN, ESQ., VERONICA M. RUNDLE, ESQ., JIAN CHEN, ESQ., ERIC SEIDELOWER, ESQ., RAS BORISKIN, LLC,

        Defendants.

**MEMORANDUM & ORDER**
24-CV-8573 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

On December 11, 2024, Plaintiff Carmine Schieferstein, appearing *pro se*, filed this action against Defendants invoking the Court's federal question jurisdiction. ECF No. 1 ¶ 1 (Complaint) (citing 28 U.S.C. § 1331).[1] Plaintiff's application to proceed *in forma pauperis* is granted. ECF No. 2 (IFP Motion). However, for the reasons stated below, Plaintiff's complaint is dismissed.

## BACKGROUND

This is Plaintiff's second action involving the same claims. Last month, Plaintiff filed a complaint against the same attorneys and law firms and alleged that Defendants violated his constitutional rights. *See Schieferstein v. Howland*, No. 24-cv-07879 (filed Nov. 12, 2024). The

---

[1] Plaintiff also cites to 28 U.S.C. § 1257, *see* ECF No. 1 ¶ 34, but this provision is inapplicable here because it provides that state court judgments may be "reviewed by the Supreme Court by writ of certiorari." Likewise, Plaintiff's invocation of the Court's supplemental jurisdiction under 28 U.S.C. § 1367, *see* ECF No. 1 ¶ 39, does not apply here because he fails to allege any claim under state law.

first action was brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and involved allegations about foreclosure proceedings that took place in 2016 in New York state court.  *Id.*  That action was dismissed, *inter alia*, because I found that Plaintiff failed to state a claim against the Defendants under Section 1983.  *See Schieferstein v. Howland*, No. 24-cv-07879, 2024 WL 4827735, at *2 (E.D.N.Y. Nov. 19, 2024) ("Here, Plaintiff sues private attorneys and law firms.  However, it is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law.").[2]

Here, Plaintiff again alleges these same parties violated his constitutional rights in the same foreclosure proceedings when they failed to properly serve him and purportedly made "false statements and or misrepresentations to the [state] Court."  ECF No. 1 ¶¶ 3, 26.  While Plaintiff omits references to Section 1983, he relies on the same facts and claims as in the first action.  *Compare* ECF No. 1, *with Schieferstein v. Howland*, No. 24-cv-07879, ECF No. 1 (First Action Complaint).  Plaintiff seeks an "injunction prohibiting the sale of the subject property" and declaratory relief.  ECF No. 1 ¶¶ 103–14 .

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal

---

[2]   Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

A district court shall review an *in forma pauperis* action and dismiss it where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The instant action is barred by the doctrine of *res judicata*. "The doctrine of *res judicata* provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021). In other words, "[t]he doctrine bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id.* The doctrine applies here, where Plaintiff's previous action involved the same parties and claims and the Court issued a final judgment on the merits. *See Schieferstein v. Howland*, No. 24-cv-07879, 2024 WL 4827735, at *2–3 (E.D.N.Y. Nov. 19, 2024). And there is no question that Plaintiff either raised, or could have raised, the same claims in the first action. *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000); *see also Herschaft v. N.Y.C. Campaign Fin. Bd.*, No. 22-2822-cv, 2023 WL 2770146, at *1 (2d Cir. Apr. 4, 2023), *cert denied*, 144 S. Ct. 265 (2023). The Court, therefore, dismisses this action as barred by the doctrine of *res judicata*. *See Scriven v. Barnum*, No. 24-cv-04025, 2024 WL 3904873, at *1–2

3

(E.D.N.Y. Aug. 22, 2024) (dismissing *pro se* complaint based on *res judicata*) (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993)).[3]

      As this is Plaintiff's second action alleging almost-identical claims, the Court cautions him against filing further duplicative complaints. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). If Plaintiff files any additional duplicative litigation, the Court may impose an injunction prohibiting Plaintiff from filing any new action seeking *in forma pauperis* status without leave of the Court. *See, e.g.*, *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing . . . duplicative lawsuits, courts may impose sanctions, including restriction on future access to the judicial system.").

      Notwithstanding Plaintiff's *pro se* status, the Court declines to grant him leave to amend. "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to

---

[3] Even if this action was not barred by *res judicata*, Plaintiff still fails to state a claim upon which relief may be granted. As set forth in the Court's prior Order, the Defendants, comprised of private attorneys and private law firms, cannot be sued for the alleged violation of Plaintiff's constitutional rights because they are not state actors. *See Schieferstein*, 2024 WL 4827735, at *2 (citing cases). Moreover, the Court could not grant Plaintiff an injunction of the state court proceeding under the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where, as here, none of the enumerated exceptions apply, the Anti-Injunction Act functions as "an absolute prohibition against any injunction of any state-court proceedings." *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 630 (1977); *Allen v. N.Y.C. Hous. Auth.*, No. 10-cv-168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) ("Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings.") (collecting cases).

the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (affirming denial of leave to amend). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021). The Court has already dismissed the initial action filed by Plaintiff, which alleges the same claims in the instant case. *See Schieferstein*, 2024 WL 4827735, at *2. As discussed in this opinion, Plaintiff has not modified his claims in a way that would state a claim under Rule 12(b)(6). Accordingly, the Court denies Plaintiff leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that where the problem with a complaint is "substantive[,] better pleading will not cure it" and leave to amend should be denied as futile).

## **CONCLUSION**

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed as barred by the doctrine of *res judicata* and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also denies leave to amend.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to the *pro se* Plaintiff.

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated:  Brooklyn, New York
         December 30, 2024